# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| AMY CURTIS, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 08-6075-CV-SJ-GAF |
| DAVIESS-DEKALB REGIONAL JAIL DISTRICT, et al., | ) |
| Defendants. | ) |

## ORDER

Now pending before the Court is Defendants Daviess-Dekalb Regional Jail District ("the Jail District") and Larry Hadley's (collectively "Defendants") Motion to Strike Plaintiffs Amy Curtis, Kayci Porter, and Cassie Brown's (collectively "Plaintiffs") claims of lost wages and medical expenses and designated non-retained expert witnesses due to failure to properly disclose pursuant to Rule 26. (Doc. #86). Because discovery has not yet closed and Plaintiffs could still supplement their Rule 26 disclosures and interrogatory responses, the Court finds the Motion to Strike is premature. However, this issues presented are amiable to a motion to compel under Rule 37(a). The Court will therefore treat the pending Motion as such. For the following reasons, Defendants' Motion to compel is GRANTED and Plaintiffs must provide information as set forth in this Order.

## DISCUSSION

The instant action arises from allegations of sexual harassment and retaliation by Defendants while Plaintiffs were employed by the Jail District. (Doc. #1). Plaintiffs served their initial Rule 26 disclosures on November 19, 2008. (Doc. #14). At that time, Plaintiffs claimed lost wages and benefits, but not medical expenses. (Doc. #86-1). On May 15, 2009, Plaintiffs identified their non-retained experts, but failed to identify or produce the documents reflecting the medical care on

which their testimony would be based. (Doc. ##27, 86-2). Plaintiffs served their Second, Third, and Fourth Rule 26 disclosures on September 10, 11, and 15, 2009, respectively. (Doc. ##58, 62, 84). In these supplemental disclosures, Plaintiffs continued to claim lost wages and benefits. (Doc. ##86-3 through -5). In addition, they claimed medical expenses for the first time. *Id.* Neither Plaintiffs' initial disclosures, nor any of the three supplemental disclosures, contain any computation and itemization of damages as required by Rule 26. (Doc. ##86-1 through -5). Defendants have represented to the Court, with documented evidence, that they have attempted to address the purported inadequacies with Plaintiffs on multiple occasions, but Plaintiffs have yet to comply. (Doc. #124).

If a party fails to make a disclosure as required by Rule 26, the opposing party, after attempting to confer in good faith with the party failing to make the disclosure, may move to compel disclosure. Fed. R. Civ. P. 37(a). As required by Rule 26, a party must provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). To date, Plaintiffs have failed to provide any computation of each category of damages they are seeking. Indicating how Defendants can compute the alleged damages based on discovery provided does not satisfy the Rule 26 computation requirement. Neither do authorizations that permit Defendants to obtain employment and medical records. Rule 26 plainly requires a party seeking damages to provide both a computation of those damages and the supporting documents. Plaintiffs are therefore required to do so.

Pursuant to the Scheduling Order in this case and Rule 26, a party properly designates treating physicians by providing "a copy of all the treating physician's files, records and notes

relating to the treating physician's patient to the opposing party." (Doc. #10, ¶8). Testimony beyond the medical records requires disclosure of an expert report. *Id.* Here, Plaintiffs have not provided a copy of their medical records from their treating physicians, but rather have only produced an authorization to obtain these records. It is Plaintiffs' obligation to comply fully with this requirement; they cannot shift their responsibility to Defendants.

## CONCLUSION

Because a motion to strike is premature at this stage of the proceedings, the Court treats the pending Motion as a motion to compel.[1] For the above-stated reasons, it is ORDERED that Plaintiffs provide the following to Defendants by the close of discovery:

1. A computation of each category of damages, with references to the documents supporting the computation; and

2. A copy of all testifying, treating physicians' files, records, and notes relating to Plaintiffs.

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: October 19, 2009

---

[1] Defendants may re-file their Motion to Strike at the appropriate time should Plaintiffs fail to comply with the directives of this Order.